# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2936-15T3

B.S.,

    Petitioner-Appellant,

v.

DIVISION OF MEDICAL ASSISTANCE
AND HEALTH SERVICES and
MONMOUTH COUNTY BOARD OF
SOCIAL SERVICES,

    Respondent-Respondent.

_____

Submitted October 11, 2018 – Decided October 19, 2018

Before Judges Accurso and Moynihan.

On appeal from New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2 Inc., attorneys for appellant (John P. Pendergast and Laurie M. Higgins, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Nicholas Logothetis, Deputy Attorney General, on the brief).

PER CURIAM

In this Medicaid transfer penalty case, petitioner B.S. appeals from a final agency decision of the Department of Human Services, Division of Medical Assistance and Health Services (DMAHS), finding she failed to rebut the presumption that her transfer of $58,618.11 to her daughter during the five-year "look-back" period was done for the purpose of establishing Medicaid eligibility, see N.J.A.C. 10:71-4.10(a). Because petitioner at no point in the proceedings offered any competent evidence to rebut the presumption, we affirm.

B.S. was ninety-two years old and residing in a nursing home when she applied to the Monmouth County Division of Social Services for Medicaid benefits through her designated authorized representative in February 2014.[1] In response to the application, the county inquired about two 2010 bank withdrawals from petitioner's accounts, one for $29,955.79 and the other for $37,085.47. Petitioner's representative verified the monies were deposited into petitioner's daughter's bank account but could not show that the entire sum was

_____

[1] We acknowledge the serious questions the Director of DMAHS raises regarding the appointment of petitioner's authorized representative and the retention of counsel on petitioner's behalf. The record on this point, however, is not sufficiently developed to permit us to address them.

used for petitioner's benefit, in other words, that petitioner received fair market value for the assets transferred. Because the burden of that showing is on petitioner, see N.J.A.C. 10:71-4.10(j), the agency approved her application for Medicaid benefits subject to a transfer penalty of 224 days for the $58,618.11 for which petitioner's representative could not account. See N.J.A.C. 10:71-4.10(l), (m).

Following petitioner's request for a fair hearing, the matter was transferred to the Office of Administrative Law. There, however, despite three scheduled hearing dates, petitioner failed to present any witnesses to testify regarding the transfer of assets. When the Administrative Law Judge refused to again adjourn the hearing, petitioner's attorney merely moved into evidence the power of attorney petitioner executed naming her daughter her attorney-in-fact and the designated authorized representative form the daughter signed, and asked that the record be held open for the submission of briefs and additional documents. Petitioner's attorney thereafter submitted certain checks and bank records without any certification to authenticate them or explain their import.

The ALJ refused to consider the unauthenticated documents and issued an initial decision finding petitioner had failed to offer any evidence that the amounts transferred were transferred for petitioner's benefit. Petitioner having

3

thus failed to rebut the presumption that the transfers were made to allow petitioner to qualify for Medicaid, the ALJ affirmed the county agency's transfer penalty.

The Director of DMAHS subsequently adopted the ALJ's decision in its entirety. Addressing the bank records submitted after the hearing, the Director noted they were submitted "without any witness to establish the documents' authenticity, attest to the purpose of the documented transfers or to be cross examined by Monmouth County." Acknowledging that hearsay is admissible in the OAL, the Director concluded there was no competent evidence in the record to support petitioner's claims as to the documents and thus no findings of fact with regard to those documents would be possible under the residuum rule. See Weston v. State, 60 N.J. 36, 51 (1972) (explaining that "[h]earsay may be employed to corroborate competent proof, or competent proof may be supported or given added probative force by hearsay testimony" but "for a court to sustain an administrative decision, which affects the substantial rights of a party, there must be a residuum of legal and competent evidence in the record to support it"); N.J.A.C. 1:1-15.5(b).

Petitioner appeals, contending DMAHS's refusal to review the bank records supplied after the hearing was arbitrary, capricious and unreasonable

4

and that "[t]he 'square corners' doctrine required Monmouth County, the ALJ, and [DMAHS] to review the bank records submitted by [petitioner]." We reject those arguments as without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). The simple, unavoidable fact is that petitioner was accorded the fair hearing she requested to challenge the transfer penalty imposed by Monmouth County, but inexplicably failed at that hearing to offer any witnesses or competent evidence to support her claims.

Because DMAHS's decision that petitioner failed to rebut the presumption that she transferred the $58,618.11 to establish Medicaid eligibility is supported by sufficient credible evidence on the record as a whole, we affirm. R. 2:11-3(e)(1)(D), (E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION